**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Amy L.,

Plaintiff,

v.

Frank Bisignano, Commissioner of Social Security,

Defendant.

Case No. 2:25-cv-01231-DJA

**Order**

Plaintiff appeals the ALJ's decision finding her not disabled. She argues that the Appeals Council considered new evidence that would have altered the outcome of the case if considered by the ALJ. She also contends that the ALJ's RFC is not supported by substantial evidence because the ALJ relied on her lay opinion to create it, because the ALJ should have further developed the record, and because the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's testimony in coming up with the RFC. As discussed below, the Court reverses the Commissioner's final decision and remands the matter for further administrative proceedings limited to the ALJ considering the new evidence and analyzing Plaintiff's testimony under sentence four of 42 U.S.C. § 405(g).

## I. Sarah Becker, FNP's opinion.

After the ALJ rendered a decision denying Plaintiff's application for benefits on May 15, 2024, Plaintiff appealed that decision to the Appeals Council. (AR 1-3, 41). Plaintiff submitted new evidence to the Appeals Council consisting of a treating source statement authored by Sarah Becker, FNP. (AR 16-17). In that statement, Nurse Becker indicated that Plaintiff's diagnoses included hydrocephalus, chronic back pain, dysphagia, and thyroid cancer. (AR 16). She opined that Plaintiff's symptoms were frequently severe enough to interfere with the attention and concentration required to perform simple work-related tasks. (AR 16). She opined that Plaintiff

would need to recline or lie down during a hypothetical eight-hour workday in excess of typical breaks; could only walk for half of a city block without rest or significant pain; would need to take unscheduled fifteen minute breaks with position changes lasting ten to fifteen minutes in an eight hour day; could never lift or carry any weight; and was limited to 10% capacity for reaching, fine manipulation, and grasping, turning, and twisting objects. (AR 16). Nurse Becker concluded that Plaintiff would likely be absent from work more than four days per month and that Plaintiff's physical impairments were reasonably consistent with the symptoms and functional limitations described in the evaluation. (AR 17).

Regarding the additional evidence, the Appeals Council stated the following:

> You submitted additional evidence from Sarah Be[c]ker, FNP dated September 27, 2024 (3 pages). The Administrative Law Judge decided your case through March 31, 2024. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before March 31, 2024.
>
> (AR 2).

The Appeals Council did not exhibit this evidence. (AR 5-6).

As a preliminary matter, it is not entirely clear whether the Appeals Council "considered" Nurse Becker's opinion or just looked at it. This distinction matters because the Ninth Circuit has held that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012); *see Amor v. Berryhill*, 743 Fed. Appx. 145, 146 (9th Cir. 2018) (explaining that where the Appeals Council only "looked at the evidence and determined it did not meet the standard for consideration" the new evidence did not become part of the record and the court may not consider it) (unpublished). And if the Appeals Council did not consider the evidence, it is Plaintiff's burden to show that the Appeals Council should have considered it. *See Garcia v. Saul*, No. 1:19-cv-01103-JLT, 2021 WL 223205, at *4 (E.D. Cal. Jan. 22, 2021) (citing *Hawks v. Berryhill*, No. 1:17-cv-1021, 2018 WL 6728037, at *4 (M.D.N.C. Dec. 21, 2018) which interpreted 20 C.F.R. §§ 404.970, 416.1470

as establishing that a claimant's burden to have new evidence considered for the first time at the Appeals Council level includes a requirement to show a reasonable probability of a different outcome).

Here, while it is not clear whether the Appeals Council considered the evidence, even if it did not, Plaintiff has made a convincing argument that it should have. As Plaintiff points out, even though Nurse Becker's opinion was dated after Plaintiff's date last insured, March 31, 2024, the Ninth Circuit has noted that "it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability. It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Smith v. Bowen*, 849 F.2d 1222, 1225-26 (9th Cir. 1988) (citing *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975) and *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985)) (internal citations omitted). And as Plaintiff points out, she began treating with Nurse Becker in December of 2022, well before the date last insured, and Nurse Becker's opinion is based on conditions that were documented throughout the insured period and that the ALJ considered. (AR 570); *compare* (AR 16) (Nurse Becker noting diagnoses of hydrocephalus, chronic back pain, dysphagia, and thyroid cancer) *with* (AR 33-39) (the ALJ evaluating Plaintiff's hydrocephalus, muscle pain, dysphagia, and thyroid cancer). And the Commissioner does not meaningfully address these arguments. So, while it is not clear whether Plaintiff has shown good cause for the report's late submission to the Appeals Council,[1] the Court considers this record in conducting its substantial evidence review of the ALJ's decision.

With the addition of Nurse Becker's report, the record now contains a medical opinion from a treating source which contradicts certain portions of the ALJ's RFC. So, the Court finds that the ALJ's decision was not supported by substantial evidence. *See Brewes*, 682 F.3d at 1164. While the Commissioner argues that Nurse Becker's opinion is neither supported nor consistent with the record and so would not have changed the ALJ's decision, the persuasiveness of a

---

[1] Under 40 C.F.R. §§ 404.970 and 416.1470, the Appeals Council will only consider additional evidence if the claimant "shows good cause for not informing [the Council] about or submitting the evidence…"

medical opinion is a determination for the ALJ, not this Court. *See* 20 C.F.R. §§ 404.1520c, 414.920c; *see Bray v. Comm'r*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (explaining that "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking"); *see Misty v. Kijakazi*, No. 22-cv-00670-LR, 2023 WL 6305794, at *8-9 (S.D. Cal. Sept. 27, 2023). So, the Court remands the case on this basis.

**II. The ALJ's RFC.**

Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ did not base the RFC on any medical opinion and because the ALJ rejected her testimony without providing clear and convincing reasons for doing so. Plaintiff's arguments are persuasive. So, the Court finds that the RFC is not supported by substantial evidence and remands on this basis.

First, the ALJ erred by interpreting raw medical data when reaching the RFC. "There is no requirement that the RFC be based on a specific medical opinion, as long as the resulting formulation is supported by substantial evidence." *Jessica V. v. Bisignano*, 807 F.Supp.3d 1225, 1230-31 (D. Nev. 2025) (quoting *Brian A. B. v. O'Malley*, Case No. 3:23-cv-00070-HRH, 2024 WL 982275, at *8 (D. Alaska Mar. 7, 2024) (collecting cases)). ALJs are "capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *See Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). ALJs do not require the assistance of medical experts or consultative guidance in order to assess non-technical medical records. *See Johnson on behalf of S.M.S. v. Comm'r of Soc. Sec.*, Case No. 1:21-cv-01704-DJC-GSA, 2024 WL 3362953, at *12 (E.D. Cal. July 9, 2024), *adopted*, 2025 WL 373151 (E.D. Cal. Feb. 3, 2025); *see also, e.g.*, *Verdugo v. Comm'r of Soc. Sec.*, Case No. 1:24-cv-00571-JLT-GSA, 2025 WL 1382909, at *5 (E.D. Cal. May 13, 2025). Courts routinely reject contentions that an ALJ errs in considering aspects of the medical record that are "straight-forward and easy to understand." *See Beverly v. Comm'r of Soc. Sec.*, Case No. 2:24-cv-00914-DAD-DMC, 2025 WL 1752291, at *2 (E.D. Cal. June 25, 2025) (collecting cases).

However, ALJs are laypeople who are not permitted to themselves interpret "raw medical data." *See, e.g.*, *Rose P. v. Comm'r of Soc. Sec.*, 414 F. Supp. 3d 1339, 1346 (W.D. Wash. 2019). "[T]he phrase 'raw medical data' is not synonymous with 'all medical records.'" *Pthlong v. Comm'r of Soc. Sec.*, Case No. 1:22-cv-1558-DC-GSA, 2025 WL 347209, at *3 (E.D. Cal. Jan. 30, 2025), *adopted*, 2025 WL 2718754 (E.D. Cal. Sept. 24, 2025); *see also Bufkin v. Saul*, 836 Fed. Appx. 578, 579 (9th Cir. 2021). Instead, "raw medical data" in this context references laboratory findings, medical imaging, and other highly technical information that is not susceptible to a lay understanding. *See, e.g.*, *Howell v. Kijakazi*, Case No. 20-cv-02517-BLM, 2022 WL 2759090, at *7 (S.D. Cal. July 14, 2022) (explaining that MRIs, radiological studies, and x-rays may be considered "raw medical data").

Here, while the ALJ interpreted some straightforward and non-technical records in assessing Plaintiff's RFC, the ALJ also interpreted raw medical data. (AR 35-38). This data included items like x-rays, MRIs, CT scans, a CSF shunt study, and a PET scan along with the impressions and diagnoses accompanying them, "which are difficult for a lay person to interpret." *Howell*, 2022 WL 2759090, at *7. And because the ALJ appears to have rejected[2] the medical opinions of record—which medical opinions themselves did not find sufficient evidence in the record to craft limitations—the Court concludes that the ALJ erred by relying on raw medical data to assess the RFC and remands on this basis.[3]

---

[2] The ALJ was only persuaded by two state agency medical consultants' findings that Plaintiff had severe physical impairments, but appears to have rejected their findings that there was insufficient evidence to evaluate any functional limitations. (AR 39) (finding that "additional evidence was received that is consistent with limiting the claimant to the residual functional capacity above.").

[3] The Court does not find one way or the other regarding Plaintiff's argument that the "lack of evidence triggered the ALJ to develop the record with medical evidence regarding Plaintiff's ability to function." (ECF No. 13 at 17). This is because Plaintiff's argument on this point is limited to this single sentence and does not meaningfully grapple with caselaw on the issue. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (ALJ's duty to develop the record was triggered when the ALJ relied on the testimony of a medical expert who found that the record was ambiguous) *and Hilliard v. Barnhart*, 442 F.Supp.2d 813, 818 (N.D. Cal. 2006) (same) *with Schwartz v. Comm'r of Social Sec. Admin*., No. 24-cv-01091-PHX-JAT, 2024 WL 4764453, at *3-4 (D. Ariz. Nov. 13, 2024) (distinguishing *Tonapetyan* and *Hilliard* and finding that the ALJ was not required to further develop the record where the ALJ *rejected* the medical opinions that

Second, the ALJ erred by not providing clear and convincing reasons for rejecting Plaintiff's testimony. In evaluating Plaintiff's symptom testimony the ALJ stated that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 35). However, the ALJ did not provide "specific, clear and convincing reasons for" rejecting the claimant's testimony regarding the severity of the claimant's symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014). This is because the ALJ did not "specifically identify the testimony" from Plaintiff that the ALJ found not to be credible and "explain what evidence undermines the testimony." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) and *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)). Instead, the ALJ only made general findings by summarizing the medical evidence, which general findings are insufficient. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (superseded on other grounds); *see Holohan*, 246 F.3d at 1208 (concluding "that the ALJ's credibility determination was erroneous" because it was based on the ALJ's characterization of "the 'record in general'"). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Id.* It is not enough for an ALJ to state their non-credibility conclusion and then summarize the medical evidence for their RFC determination. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). So, the Court remands the case on this basis.

---

there was not sufficient evidence in the record to craft limitations); *see Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (explaining that courts only address well developed arguments).

**IT IS THEREFORE ORDERED** that Plaintiff's brief on appeal (ECF No. 13) is **granted.**

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **reversed** and **remanded** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: August 12, 2026,



DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE